**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EDWARD CALLAHAM

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

SEE ATTACHED

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 MAY -5 A 11: 59

CV. 23-2517 (SDW)(JSA)

**COMPLAINT**

Jury Trial: [✔] Yes  [ ] No

(check one)

**I.    Parties in this complaint:**

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| Plaintiff | | |
|---|---|---|
| | Name | EDWARD CALLAHAM |
| | Street Address | PO BOX 7131 |
| | County, City | BERGEN,  ROCHELLE PARK |
| | State & Zip Code | NEW JERSEY 07662 |
| | Telephone Number | (201) 669-6290 |

DEFENDANT NAMES

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 MAY -5  P 12: 00

Passaic County, Et al
Passaic County Judiciary of NJ
Passaic County Probation, CHILD SUPPORT Title - IV-D Agency
Tiesha Williams
Michael Desimon
David Orr
Latoyia Jenkins
Robert Tracy
GLENN GRANT
LARRY ASHBRIDGE
NANCY MANUELE
JOE DOE 1-26

B.  List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _____ PASSAIC COUNTY, ET AL

Street Address ____ 401 Grand Street

County, City ____ PASSAIC, PATERSON

State & Zip Code __ NEW JERSEY 07505

Defendant No. 2

Name _____ PASSAIC COUNTY JUDICIARY OF NJ

Street Address ____ 77 HAMILTON ST

County, City ____ PASSAIC, PATERSON

State & Zip Code __ NEW JERSEY 07505

Defendant No. 3

Name _____ PASSAIC COUNTY PROBATION CS TITLE IV-D AGENCY

Street Address ____ 401 GRAND STREET

County, City ____ PASSAIC, PATERSON

State & Zip Code __ NEW JERSEY 07505

Defendant No. 4

Name _____ TIESHA WILLIAMS

Street Address ____ 401 GRAND STREET

County, City ____ PASSAIC, PATERSON

State & Zip Code __ NEW JERSEY 07505

## II.  Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal Questions

[ ] Diversity of Citizenship

[ ] U.S. Government Plaintiff

[ ] U.S. Government Defendant

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? __ADA VIOLATION AND DISCRIMINATION FEDERAL COURT HAS JURISDICTION__

_____

_____

- 2 -

DEFENDANT 5
Michael Desimone
401 GRAND STREET
PASSAIC, PATERSON
NJ 07505

DEFENDANT 6
DAVID ORR
401 GRAND STREET
PASSAIC, PATERSON
NJ 07505

DEFENDANT 7
LATOYIA JENKINS
77 HAMILTON ST
PASSAIC, PATERSON
NJ 07505

DEFENDANT 8
Robert Tracy
77 HAMILTON ST
PASSAIC, PATERSON
NJ 07505

Defendant 9
GLENN GRANT
Richard J. Hughes Justice Complex,
25 Market St,
M,ERCER,Trenton,
NJ 08611
(609) 815-2955

DEFENDANT 10
Larry ashbridge
Richard J. Hughes Justice Complex,
25 Market St,
M,ERCER,Trenton,
NJ 08611
(609) 815-2955

DEFENDANT 11
NANCY MANUELE
Richard J. Hughes Justice Complex,
25 Market St,
M,ERCER,Trenton,
NJ 08611

DEFENDANT 12- 30
Joe Doe 1-26
77 HAMILTON ST
PASSAIC, PATERSON
NJ 07505

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship    NEW JERSEY

Defendant(s) state(s) of citizenship    NEW JERSEY

## III.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur?    NEW JERSEY

B.    What date and approximate time did the events giving rise to your claim(s) occur?
OCTOBER 2022, DECEMBER 13  2022, AND MOST CURRENT  APRIL 20 2023

C.    Facts:    SEE ATTACHED

What happened to you?

SEE ATTACHED

Who did what?

SEE ATTACHED

Was anyone else involved?

SEE ATTACHED

Who else saw what happened?

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. SEE ATTACHED

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I AM SEEKING $10,000,000 FOR DISCRIMINATION AGAINST A DISABLED PERSON

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 5 day of MAY , 20 23 .


Signature of Plaintiff _____

Mailing Address  EDWARD CALLAHAM

PO BOX 7131

ROCHELLE PARK, NJ 07662

Telephone Number  201-669-6290

Fax Number *(if you have one)* _____

E-mail Address  CALLAHAMCOURT@GMAIL.COM


Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.


Signature of Plaintiff: _____

2023 MAY -5 P 12: 00

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
CLERK

- 5 -

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

EDWARD  CALLAHAM

     Plaintiff,

v.

PASSAIC COUNTY , ET AL

PASSAIC COUNTY PROBATION CHILD SUPPORT

TITLE IV-D AGENCY                                    **COMPLAINT**

Defendants,                                          JURY TRIAL DEMANDED

EDWARD  CALLAHAM, Pro Se Litigant., by way of Complaint, alleges as follows:

## NATURE OF THE COMPLAINT

1.       This is a civil rights action under 42 U.S.C. § 1983 for deprivation of civil rights protected by the Constitution of the United States, the New Jersey State Constitution, and related tortious conduct, arising from the flagrant abuse of power by persons primarily employed by the Passaic County Probation Office Child Support Title IV-D ("PCPOCS") under Glenn Grant ("Grant"), and Judicial Officers (John Doe  #1-5) together with others, to  maliciously destroy Plaintiff, Edward  Callaham ("Callaham"), a War Veteran of the United States Marine Corps, Honorably Discharged, for the benefit of their own personal agendas.

2.       The allegations arise from of violations of Federal Law and public corruption, in an ongoing pattern, by the Passaic County Probation Office Child Support Title IV-D ("PCPOCS") and Judicial Officers.

3.       The Passaic County Probation Office Child Support Title IV-D Agency ("PCPOCS") follows Federal Law 42 CFR Part 433, and 45 CFR Parts 301, 302, 303, 304, 305, 307, 308 and 309 with respect to all other persons in Passaic County similarly situated as myself, but deliberately and under color of law fails to follow the same laws with respect to Callaham.

4.       The Passaic County Probation Office Child Support Title IV-D Agency, in accordance with Federal law and to collect reimbursement/Federal monies for their efforts from the Federal government may conduct hearings to enforce litigant's rights (also known as an ELR hearing) in order to coerce payment from an obligor *who has become delinquent in the payment of court ordered child support.* The key trigger for the hearing is that they are only held for one who has become delinquent. All other Passaic County persons similarly situated as myself who are permanent disabled as I am are not subject to ELR hearings when they are current in their accounts. The Passaic County Probation Office Child Support Title IV-D ("PCPOCS") has held several Enforcement of Litigants Rights hearings (ELRs) in a span of a few short months after they have been notified by the Social Security Administration Documentation and Medical Doctors statements and letters that clearly state Callaham is PERMENAT DISABLED.  This is a clear ADA violation and NJ Superior Court Judge Jenkins opined, on December 13, 2022 that the Passaic County Probation Office Child Support Title IV-D ("PCPOCS") could not have ELR hearings on the account with a Stay of Enforcement put in place and that the PCPOCS could not take any action or enforcement action on the account.

5.       Instead, unlike all other persons similarly situated in Passaic County, Passaic County Probation Office Child Support Title IV-D ("PCPOCS") and certain Judicial Officers threatened Callaham with Enforcement Action, namely incarceration, and then maliciously ordered Callaham to pay extremely high lump sums (amounts that are several times the monetary amount that Callaham currently pays under a Judicial Order issued by Judge Jenkins in Passaic County), and that Passaic County Probation Office Child Support Title IV-D ("PCPOCS") and certain Judicial Officers are well aware Callaham cannot pay and is PERMENQNT DISABLED. Michael Disomone Supervisor and in front of his employee David Orr of the PCPOCS stated on the record that there was legally nothing PCPOCS could do since they have been notified that Callaham is PERMENANT DISABLED.  That did not stop the PCPOCS from continuing to harass and discriminate in clear violation of the ADA and the Judiciary code of conduct.

6.       Passaic County Probation Office Child Support Title IV-D ("PCPOCS") on all other cases in Passaic County for all similarly situated persons, PCPOCS do an ability to pay hearing and adjust the amount and set to zero. Maliciously and corruptly, under color of law PCPOCS has singled Callaham out with warrant status and threats and massive lump sum

payment request even when they have acknowledged the Permanent Disabled status. Clear discrimination against a disabled person.

7.        Passaic County Probation Office Child Support Title IV-D ("PCPOCS") on all other cases in Passaic County for all similarly situated persons, PCPOCS executes wage garnishments from employers and then applies the money in all instances to the first account (oldest child/oldest account) to satisfy that account, and then applies the monies to the second account (youngest account), automatically via an electronic system. Maliciously and corruptly, under color of law PCPOCS has singled Callaham out and executes wage garnishment, and then deliberately manipulates the government child support system to make him pay for more years of alimony than was ever ordered.

8.        Callaham's civil rights were violated by defendants at the same time knowingly Callaham is Permeant Disabled based off of Medical evidence submitted to them and evidence submitted from the Social Security Administration. PC and its employees John Doe 1-5 have failed to conduct a screening as required under Federal law and conducted a tainted hearing by refusing to accept evidence for submission and who thereby denied Callaham a fair hearing/trial which conduct started in October of 2022, and has continued, in an ongoing pattern, up until the most recent hearing on April 20, 2023.

9.        PCPOCS and certain Judicial Officers have made false allegations and fabricated evidence against Callaham, for example alleging Callaham turned down a specific job offer for a fake monetary amount. Such officers of the Court, including PCPOCS and certain Judicial Officer deliberately fabricated such evidence, which has no basis in documentary or testimonial proof.

10.        PCPOCS and such Judicial Officer have repeatedly threatened Callaham with incarceration based on such fabricated and false evidence in December 2022, in February 2023, and most recently on April 2023, with the sole intent to further terrorize, harass and cause emotional distress to Callaham a permanent disabled person.

11.        I have been diagnosed with chronic PTSD. According to the NIMH, Post-Traumatic Stress Disorder is a disorder that develops in some people who have experienced a shocking, scary, or dangerous event. Symptoms must last more than a month and be severe enough to interfere with relationships or work to be considered PTSD. Symptoms for people with PTSD, including myself, make me feel angry and stressed. It makes it hard to do basic things like sleeping, concentrating and interacting with people. There is no medication that I am aware of that can help with my PTSD.

12.        I have been diagnosed with ADHD, which is a disability. I have tried many different types of medications for this and none have worked. According to the National Institute for Mental Health (NIMH), "Attention-deficit/hyperactivity disorder (ADHD) is a brain disorder marked by an ongoing pattern of inattention and/or hyperactivity-impulsivity that interferes with

functioning or development." In a nutshell, although it is much more involved than this, it means that people like myself have a history of poor academic performance, problems at work, and/or difficult or failed relationships caused by ADHD and with the problems related to the disability - inattention, restlessness, and impulsivity persisting in adulthood.

13.     The Federal Government's Vocational Expert testified at a hearing and determined that I am disabled in the sense that I have severe limitations based on my conditions as to how I can function. I suffer from several mental health disorders which are undisputed based on medical records from mental health practioners, the State of New Jersey's own expert psychiatric evaluation, and based on medical records from an inpatient mental health facility stay. I have needed and received assistance from others to help me navigate through the court systems.

14.     Those defendants, who were and are members of the Passaic County Probation Child Support Agency Title IV-D, and John Does 1-25, suborned perjury by soliciting and protecting witnesses who were lying about material facts, destroyed exculpatory evidence, and manufactured false evidence to secure unjust rulings in 2023, and prior to 2022 back until 2012.

15.     Passaic County Probation Child Support defendants, and a Passaic County Officers, gave life and breath to that false evidence as witnesses against Callaham as an ongoing pattern from 2018, back until 2012.

20.     Defendant Passaic County Probation Child Support Title IV-D Agency who was then in charge of discipline of its employees, who then was in charge of day to day operations of the HPD, failed to supervise or intervene in the misconduct of the PCPOCS defendants in their charge, thus also permitted and encouraged, through their inaction, the complete destruction of Callaham's constitutional rights.

- 5 -

## JURISDICTION AND VENUE

24.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and in accordance with 42 U.S.C. § 1983.  Violation of the ADA and Discrimination against Disabled People.

25.     This Court has supplemental jurisdiction over Plaintiff's New Jersey State Constitution and state law claims pursuant to 28 U.S.C. § 1367.

26.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

27.     To the extent that Title 59 of the New Jersey Statutes imposes jurisdictional requirements, Callaham has complied with all such requirements applicable to his claims.

## PARTIES

28.     Callaham is a resident of the State of New Jersey with a place of residence in Paterson, Passaic County, New Jersey. He is a Combat Veteran of The United States Marine Corps in which he was Honorably Discharged.

29.     Defendant Michael Desimone was during all relevant times a Supervisor or a Lieutenant in the PCPOCS and the lead child support with respect to the baseless allegations against Callaham. Desimone also was the Officer in Charge of the Hearings for Child Support Cases Heard in the Court Rooms in Passaic County, which is a unit that reported directly to Desimone. Upon information and belief, Desimone resided in the State of New Jersey at all relevant times. Desimone was acting under color of state law in his capacity as an employee of the PCPOCS and is being sued in both his official and individual capacities under 42 U.S.C. § 1983.

30.     Defendant Passaic County Probation Child Support Title IV-D Agency, David Orr, Teisha Williams, Glenn Grant, Joanne Dietrich, Rashad Burns, Brenda Beacham, larry Ashbridge, Amelia Smith, Nancy Manuele, Ellen Reaves, William Woodworth, and Joe Does 1-25 is and was during all relevant times in the PCPOCS Title IV-D and is the individuals who, knowing that Callaham was Permenant Disabled with Certified and acknowledge receipts and have been put on noticed in several communications. They know and knew that probable cause did not exist as a basis for a criminal complaint, signed criminal complaints against Callaham even though knowing he is disabled. Residence, upon information and belief, is in the State of New Jersey. At all relevant times, PCPOCS Title IV-D was acting under color of state law in her capacity as an agency of the PCPOCS and is being sued in both their official and individual capacities under 42 U.S.C. § 1983.

31.     Passaic County Sherriff's Department is and was during all relevant times. Passaic County Sherriff's Department residence, upon information and belief, is in the State of New Jersey. At all relevant times, Michael Desimone was acting under color of state law in his capacity as an employee of the PCSO, and is being sued in both official and individual capacities under 42 U.S.C. § 1983.

32.     Defendants Passaic County Judiciary employees, Passaic County Probation Office (PCPOCS), and Investigators John Does 2 – 7 conspired and committed misdeeds as part of the wrongful investigation and prosecution of Callaham. They made false incriminating statements to deliberately injure Callaham. Upon information and belief, they manufactured, altered, and tampered evidence illegally. At all times, they were acting under color of state law in their capacity as employees of the PCPO and are being sued in their official and individual capacities under 42 U.S.C. § 1983.

33.     Defendant David Orr, Teisha Williams, Glenn Grant, Joanne Dietrich, Rashad Burns, Brenda Beacham, larry Ashbridge, Amelia Smith, Nancy Manuele, Ellen Reaves, William Woodworth, and Joe Does 1-25 was during all relevant times employees in the Passaic County Probation Division. Their residence, upon information and belief, is in the State of New Jersey. At all relevant times, Defendant David Orr, Teisha Williams, Glenn Grant, Joanne Dietrich, Rashad Burns, Brenda Beacham, larry Ashbridge, Amelia Smith, Nancy Manuele, Ellen Reaves, William Woodworth, Judge LaToyia Jenkins, and Joe Does 1-25 was acting under color of state law in their capacity as an employee of the PCPOCS and is being sued in both their official and individual capacities under 42 U.S.C. § 1983.

34.     Defendant Tedesco was during all relevant times the Executive Manager of Passaic County, New Jersey. His residence, upon information and belief, is in the State of New Jersey. At all relevant times, Tedesco was acting under color of state law in his capacity as an employee of the Passaic County and is being sued in both his official and individual capacities under 42 U.S.C. § 1983.

35.     Defendant Tiesha Williams (head supervisor of PCPOCS) and along with HO Hill were at and during all relevant times designated as persons with authority and Hearing Officers in Charge. Each of with a residence, upon information and belief, in the State of New Jersey. At all relevant times, Tiesha Williams, H.O. Hill were acting under color of state law in their capacity as an employee of the PCPOCS and are being sued in both their official and individual capacities under 42 U.S.C. § 1983.

36.     Defendants Passaic County John Does 26 – 30 conspired and committed misdeeds as part of the wrongful investigation and prosecution of Callaham. They procured false incriminating statements from witnesses and failed to investigate leads that would have provided exculpatory evidence on behalf of Callaham. Upon information and belief, they destroyed evidence to prevent exculpatory evidence from being uncovered. At all times, they were acting under color of state law in their capacity as employees of the PCPOCS and are being sued in their official and individual capacities under 42 U.S.C. § 1983.

37.     Defendant County of Passaic is a municipality located in the State of New Jersey with municipal offices located at 77 Hamilton Street, Paterson, New Jersey.

## FACTS

38.     In 2022 the Passaic County Probation Title IV-D Agency has had Enforce Litigant Rights several times over Callaham Pay as a Disabled Person to attempt garnished over 66% which is in violation of the Federal Law of 50% allowed to garnishment of income Non Judical Person named with no signature on wage execution Order.

41.     On October 2022 the Title IV-D Agency demanded an Enforcement Hearing to state that Callaham had to pay a purge amount and an enforcement hearing, for an account that is incorrect and has amounts that are incorrect. They had been notified he was disabled and then they continued enforcement after that to continue to harass and terrorize Callaham. Passaic County Probation Child Support Title IV-D is altering the Government records and official misconduct by John Does #16 - 25 of the Passaic County Probation Child Support Title IV-D Agency.

42.     The emotional distress Callaham endured was debilitating.

43.    Callaham's reputation has been devastated.

44.    Callaham has forever been ruined financially.

44.    On April 20, 2023  LaToyia Jenkins J.S.C. did not follow the Federal Law directive of the Final Rule 45 CFR 303.(6) ( c) (4) directed by the Federal Government to the Title IV-D Agency. The final rule revises the 45 CFR 303.6 (c) (4), by establishing criteria that child support agencies must use to determine which cases to refer and how they prepare cases for a civil contempt proceeding. The main goal is to increase consistent child support payments for children by ensuring that low-income parents are not incarcerated unconstitutionally because they are poor or unable to comply with orders that do not reflect their ability to pay. This complete case has not followed the simple and basic principles of this law. Nor have I been awarded the ability to pay hearing nor has a case screening taken place to accept my evidence. If a motion is filed it is denied. The Judge told me she did not consider any evidence I submitted to her with all the doctors' notes and medical experts letters. This is clear violation of my constitution rights under color of law.

45.    At the onset of this tortured case in Family Court, In October 2010 Callaham ex-wife, Deana Callaham submitted an unsigned forged/fake 2009 tax return with her CIS at the divorce trial to which Callaham was not present (default Judgement) (unknown to Callaham at the time) to claim that Callaham  made more money than he did. Callaham attorney was present for all days of the trial, but Callaham could not attend one day due to his mothers health emergency.    Instead of continuing the trial, Judge William Delerenzo entered a default judgement against Callaham.  A motion for reconsideration was filed by Callaham in time to vacate the default judgement, it was denied.  Callaham was not allowed any evidence to be placed on his case not one (1) piece of evidence to defend the unsigned fake tax return that Deana Callaham submitted.

46.    Defendants, for their own personal agenda, intentionally and knowingly conspired to maliciously bring false and baseless charges against me in order to deliberately confuse and mislead the Court, and to maliciously prosecute me knowing that I am disabled.

47.    Defendants, including Passaic County Child Support Title IV-D Agency, violated my due process right by maliciously and intentionally refusing to permit Callaham to enter evidence in an Enforcement Litigants Rights hearing on April 20, 2023. Judge Latoyia Jenkins stated that she had judicial authority and power to order Callaham to pay whatever amount she deemed appropriate but refused Callaham to submit a single piece of evidence on the record.

48.     She did not like the medical evidence submitted and then stated oh I want 3 different Doctors to Submit Letter.  Callaham told her she had the disabled status and that is was permanent from two medical professionals.  Both MD's.  This was to harass and degrade Callaham for his disabilities.

49.     The Title IV-D agency in 2023 has targeted Callaham in an on going concerted calculated and continual pattern from 2019 and dating back to 2010 and has spent a massive and unprecedented amount of taxpayer money and resources to target and harass Callaham, to ruin him financially, to cause him to be homeless, to deprive him of his due process for their own personal agenda and on behalf of a third party as a favor, who stated to Court official Michele LaCouture in a Court authored report that the Title IV-D were working to assist such third party in monitoring and prosecuting Callaham.

## COUNT I

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### Denial of a Fair Trial (6th Amendment) – All Defendants

56.          Callaham hereby incorporates all of the preceding allegations and make them a part of as if fully set forth herein.

57.          Defendants, in their individual and official capacities, acting alone and in concert, engaged in misconduct before and during hearing/trial which deprived Callaham of his right to a fair trial under the Sixth Amendment.

58.          Defendants at all times acted under color of state law.

59.          Defendants suborned and solicited perjury, protected the perjurers from administrative charges, knowingly presented false and fabricated evidence to the court before and during trial/hearing, presented false evidence in order to prevent the court from granting Callaham's meritorious motions based on his permanent disabled status, fabricated evidence, knowingly pursued baseless claims against Callaham, and engaged in egregious official misconduct.

60.          The unfairness created by Defendants' conduct was so patent and severe that in the past Judge Lisa Firko held a three (3) Month Ability To Pay trial based on principles of the law, fundamental fairness and due process on 2012.

61.          As a result of the unfairness created by Defendants' conduct, Callaham had his support reduced.

62.          Callaham's rights under the Sixth Amendment were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions did not violate Callaham's constitutional rights under the Sixth Amendment.

63.         As a direct result of Defendants' violation of Callaham's constitutional rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss, all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

64.         As a direct result of Defendants' violation of Callaham's Disabled Status, the ADA was passed in 1990 and prohibits discrimination against individuals with disabilities in all areas of public life, including employment, education, transportation, and public accommodations. The ADA ensures that people with disabilities have equal opportunities to participate in society and have access to the same services and opportunities as everyone else. The Defendants in this matter have on going harassed and terrorized Callaham knowing that he is disabled.

65.         Defendants acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights and right of a disabled person.

## COUNT II

### Violation of Civil Rights Pursuant to N.J.S.A. § 10:6-1 *et seq.*
### Denial of a Fair Trial - All Defendants

66.         Callaham hereby incorporates all of the preceding allegations and make them a part of this Count as if fully set forth herein.

67.         Defendants at all times acted under color of state law and were acting within the scope of their responsibilities.

68.         Defendants, in their individual and official capacities, acting alone and in concert, engaged in misconduct before and during trial which deprived Callaham of his right to a fair trial under the New Jersey Constitution, including but not limited to Article I.

69.         Defendants suborned and solicited perjury, protected the perjurers from administrative charges, knowingly presented false and fabricated evidence to the court before and during trial, presented false evidence in order to prevent the court from granting Callaham's meritorious motions, fabricated evidence, tampered with government records, knowingly pursued baseless claims against Callaham, and engaged in egregious official misconduct.

70.        As a result of the unfairness created by Defendants' conduct, Callaham was incarcerated from 2012 to 2013 for a total of six (6) months and such harassment and threats of incarceration continue through 2017 and 2018 again based upon fabricated evidence and by tampering with government records and systems, and evidencing an overall systemic pattern of official misconduct by PCPOCS and BCSO and certain Judicial officers.

71.        Callaham's criminal charges were dismissed with prejudice, but this was only after Callaham suffered nearly six months of incarceration, and the complete destruction of his reputation, and financial ruin.

72.        Callaham's rights under the New Jersey Constitution were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions did not violate Callaham's rights under the New Jersey Constitution.

73.        As a direct result of Defendants' violation of Callaham's rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under N.J.S.A. § 6:10-2.

74.        Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

## COUNT III

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

### Malicious Prosecution and Conspiracy to Commit Malicious Prosecution (4th and 14th Amendments) – All Defendants

75.        Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

76.        Defendants at all times acted under color of state law.

77.        Defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious prosecution depriving Callaham of his rights as a citizen of the United States under the Fourth and Fourteenth Amendments to the Constitution of the United States.

78.     Defendants acted maliciously and for purposes other than bringing Callaham to justice.

79.     As a result of Defendants' misconduct, Callaham suffered a severe deprivation of his liberty.

80.     Callaham's rights under the Fourth and Fourteenth Amendments were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions did not violate Callaham's constitutional rights under the Fourth and Fourteenth Amendments.

81.     As a direct result of Defendants' violation of Callaham's constitutional rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

82.     Defendants acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights.

## COUNT IV

### Violation of Civil Rights Pursuant to N.J.S.A. § 10:6-1 *et seq.*
### Malicious Prosecution and Conspiracy to Commit Malicious Prosecution – All Defendants

83.     Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

84.     Defendants at all times acted under color of state law and were acting within the scope of their responsibilities.

85.     The defendants, in their individual and official capacities, acting alone and in concert, agreed to engage in and engaged in misconduct amounting to a malicious prosecution

depriving Callaham of his rights under the New Jersey Constitution, including but not limited to Article I.

86.         The criminal proceedings against Callaham terminated in Callaham's favor.

87.         Defendants acted maliciously and for purposes other than bringing Callaham to justice.

88.         As a result of Defendants' misconduct, Callaham suffered a severe deprivation of his

liberty.

89.         Callaham's rights under the New Jersey Constitution were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions did not violate Callaham's rights under the New Jersey Constitution, including but not limited to Article I.

90.         As a direct result of Defendants' violation of Callaham's rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under N.J.S.A. § 10:6-2.

91.         Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

### COUNT V

### Common Law Malicious Prosecution – All Defendants

92.         Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

93.         Defendants, acting alone and in concert, initiated criminal proceedings against Callaham without probable cause to support such proceedings.

94.         Defendants were motivated by malice.

95.         The criminal proceedings against Callaham terminated in Callaham's favor.

96.     Callaham's rights under New Jersey common law were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's clearly established rights and the rights of a disabled person.

97.     As a direct result of Defendants' violation of Callaham's rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under New Jersey common law.

      a.     Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

## COUNT VI

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### Malicious Prosecution - Destruction of Exculpatory Evidence - Defendant Passaic County Probation Child Support, Title IV-D Agency

98.     Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

99.     Defendant PCPO at all times acted under color of state law.

100.    PCPO's misconduct constituting malicious prosecution in violation of Callaham's rights included, but was not limited to, the purposeful destruction of relevant and exculpatory evidence at Passaic County Probation Child Support, Title IV-D Agency direction despite a preservation request from Callaham.

101.    The destruction of relevant evidence irreparably prejudiced Callaham.

102.    Callaham's rights under the Fourth and Fourteenth Amendments were clearly established such that any reasonable person would be aware of them. It was not reasonable for Passaic County Probation Child Support, Title IV-D Agency to believe that their actions did not violate Callaham's constitutional rights under the Fourth and Fourteenth Amendments.

103.    As a direct result of Passaic County Probation Child Support, Title IV-D Agency Jane Doe Defendant employees violation of Callaham's constitutional rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress,

embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

104.      Passaic County Probation Child Support, Title IV-D Agency Jane Doe Defendant and Michael Desimone, and David Orr acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights.

## COUNT VII

### Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 *et seq.*
### Malicious Prosecution - Destruction of Exculpatory Evidence - Defendant Passaic County Probation Child Support, Title IV-D Agency

105.      Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

106.      Passaic County Probation Child Support, Title IV-D Agency at all times acted under color of state law, and was acting within the scope of his responsibilities.

107.      Passaic County Probation Child Support, Title IV-D Agency misconduct constituting malicious prosecution in violation of Callaham's rights included, but was not limited to, the purposeful destruction of relevant and exculpatory evidence at Haviland's direction despite a preservation request from Callaham.

108.      The destruction of relevant evidence irreparably prejudiced Callaham.

109.      Callaham's rights under the New Jersey Constitution were clearly established such that any reasonable person would be aware of them. It was not reasonable for Passaic County Probation Child Support, Title IV-D Agency to believe that his actions did not violate Callaham's constitutional rights under the New Jersey Constitution.

110.      As a direct result of Passaic County Probation Child Support, Title IV-D Agency violation of Callaham's rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under N.J.S.A. § 6:10-2.

111.      Passaic County Probation Child Support, Title IV-D Agency acted maliciously,

willfully, and wantonly in violating Callaham's rights.

## COUNT VIII

**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**

**Failure to Supervise/ Intervene - Defendants Defendant David Orr, Teisha Williams, Glenn Grant, Joanne Dietrich, Rashad Burns, Brenda Beacham, larry Ashbridge, Amelia Smith, Nancy Manuele, Ellen Reaves, William Woodworth, and Joe Does 1-25 Passaic County Sherriff Office, County of Passaic, and Passaic County Probation Office**

112.        Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

113.        Michael Desimone, David Orr, Teisha Williams, Glenn Grant, Joanne Dietrich, Rashad Burns, Brenda Beacham, Larry Ashbridge, Amelia Smith, Nancy Manuele, Ellen Reaves, William Woodworth, and Joe Does 1-25 Judge LaToyia Jenkins, and Joe Does 1-25, County of Passaic, and Passaic County Probation Office, County of Passaic, and PCPO, at all times acted under color of state law.

114.        Michael Desimone, David Orr, Teisha Williams, Glenn Grant, Joanne Dietrich, Rashad Burns, Brenda Beacham, Larry Ashbridge, Amelia Smith, Nancy Manuele, Ellen Reaves, William Woodworth, and Joe Does 1-25 Judge LaToyia Jenkins, County of Passaic, and Passaic County Probation Office, County of Passaic, and PCPO, engaged in misconduct which constituted failure to supervise others and failure to intervene, resulting in the deprivation of Callaham's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

115.        Upon information and belief Passaic County Probation Office, County of Passaic, and Passaic County Judiciary of New Jersey had actual knowledge of their subordinates' conduct described above and the resulting violations of Callaham's rights and acquiesced in those violations by their inaction.

116.        Passaic County Probation Office Child Support Agency, and County of Passaic, and Judiciary of New Jersey with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the conduct of their subordinates described above and the resulting violations of Callaham's rights.

117.        As described above, Passaic County Probation Office, County of Passaic, and Judiciary of New Jersey violated Callaham's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

118.    Passaic County Probation Office, County of Passaic, and Passaic County Judiciary of New Jersey each had a duty to intervene. Grant had a duty to intervene as the Acting Officer in Charge.

119.    Yet, Passaic County Probation Office, County of Passaic, and Passaic County Sherriff Office, Grant, the County of Passaic failed to intervene.

120.    Callaham's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were clearly established such that any reasonable person would be aware of them. It was not reasonable for Passaic County Probation Office, County of Passaic, and Passaic County Judiciary of New Jersey to believe that their actions and omissions did not violate Callaham's constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

121.    As a direct result of Defendants' violation of Callaham's constitutional rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

122.    Michael DeSimone, David Orr, and All Defendants and The Passaic County Probation Office, County of Passaic, and Passaic County Sherriff Office, County of Passaic and PCPO Jane Doe 1-2 acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights.

## COUNT IX

**Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 *et seq.***

**Failure to Supervise/ Intervene - Defendants Glenn Grant (in His Individual and Official Capacities), Tiesha Williams (in Her Individual and Official Capacity), Michael Desimone (in His Individual and Official Capacity), Passaic County, and Passaic County Probation Office**

123.    Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

124.    Passaic County Probation Agency employees and directors , Passaic County Judiciary of New Jersey, County of Passaic, and PCPO, at all times acted under color of state law.

125.    Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO, (in their individual and official capacities), the City of Hackensack, County of Passaic, and PCPO, engaged in misconduct which constituted

failure to supervise others and failure to intervene, resulting in the deprivation of Callaham's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

126.    The PCPO took over the administrative functions of the Title IV-D, including but not limited to the Internal Affairs Unit and did so as part of, and in furtherance of, *inter alia*, the illegal in regard to administrative charges, and to facilitate the PCPO to solicit false testimony against Callaham.

127.    County of Passaic, and Passaic County Probation Office, further turned a blind eye on the misconduct of several PCPO and Judiciary of New Jersey employees, and failed to hold them accountable for their misconduct, false statements and false evidence incriminating Callaham,

128.    Upon information and belief City of Paterson, PCPOCS, County of Passaic, and PCPO, and Judiciary of New Jersey each directed their employees and subordinates to take the actions described above.

129.    Upon information and belief City of Paterson, County of Passaic, and PCPO had actual knowledge of their employees and subordinates' conduct (described above and the resulting violations of Callaham's rights and acquiesced in those violations by their inaction).

130.    Passaic County Probation Agency employees and directors, Passaic County Sheriff Office, County of Passaic, and PCPO, County of Passaic, and PCPO, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the conduct of their subordinates (ALL DEFENDANTS) described above and the resulting violations of Callaham's rights.

131.    As described above, ALL DEFENDANTS violated Callaham's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

132.    Passaic County Probation Agency employees and Directors, Passaic County Judiciary of New Jersey, County of Passaic, and PCPO, and the County of Passaic failed to intervene.

133.    Callaham's rights under the Fourth, Sixth, and Fourteenth Amendments were clearly established such that any reasonable person would be aware of them. It was not reasonable for Passaic County Probation Agency employees and directors , Passaic County Judiciary of New Jersey,, County of Passaic, and PCPO, to believe that their actions and omissions did not violate Callaham's constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

134.    As a direct result of Defendants' violation of Callaham's constitutional rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional

distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

135.     Passaic County Probation Agency employees and directors , Passaic County Judiciary of New Jersey, County of Passaic, and PCPO, County of Passaic and PCPO, acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights.

## COUNT X

## Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
## Deprivation of Substantive Due Process – All Defendants

136.     Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

137.     Defendants at all times acted under color of state law.

138.     Defendants, in their individual and official capacities, acting alone and in concert, engaged in conduct that shocks the conscience and deprived Callaham of interests protected by the Fifth and Fourteenth Amendments, resulting in the violation of Callaham's rights to substantive due process. His rights as a disabled person acknowledged by the ADA.

139.     Defendants knowingly disregarded a substantial and real risk of serious injury, resulting in the deprivation of Callaham's life, liberty, and property interests.

140.     Callaham's rights to substantive due process under the Fifth and Fourteenth Amendments were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's rights to substantive due process under the Fifth and Fourteenth Amendments.

141.     As a direct result of Defendants' violation of Callaham's constitutional rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

142.     Defendants acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights and the rights he has as a disabled person.

## COUNT XI

### Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 *et seq.*
### Deprivation of Substantive Due Process – All Defendants

143.        Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

144.        Defendants at all times acted under color of state law, and were acting within the scope of their (its) reponsibilities.

145.        Defendants, in their individual and official capacities, acting alone and in concert, engaged in conduct that shocks the conscience and deprived Callaham of interests protected by the New Jersey Constitution, resulting in the violation of Callaham's rights to substantive due process.

146.        Defendants knowingly disregarded a substantial and real risk of serious injury, resulting in the deprivation of Callaham's life, liberty, and property interests.

147.        Callaham's right to substantive due process under the New Jersey Constitution was clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's right to substantive due process under the New Jersey Constitution.

148.        As a direct result of Defendants' violation of Callaham's rights, Callaham has suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under N.J.S.A. § 10:6-2.

149.        Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

## COUNT XII

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### "Class of One" Selective Enforcement/Prosecution (Equal Protection Clause,
### 14th Amendment) – All Defendants

150.        Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

151.        Defendants at all times acted under color of state law.

152.        Defendants, in their individual and official capacities, acting alone and in concert, engaged in conduct that deprived Callaham of his right to equal protection of the laws under the Fourteenth Amendment.

153.        Persons similarly situated disabled persons and alike in all relevant aspects to Callaham were not prosecuted or charged.

154.        The decision to charge and prosecute Callaham was made on the basis of an unjustifiable standard and arbitrary factors.

155.        Defendants intentionally treated Callaham differently from others similarly situated and alike in all relevant aspects.

156.        There is no rational basis for the difference in Defendants' treatment of Callaham and their treatment of others.

157.        Defendants' selective treatment of Callaham was motivated by an intent to discriminate against a disabled person on the basis of impermissible considerations, to punish or inhibit the exercise of Callaham's constitutional rights, and by a malicious or bad faith intent to injure Callaham.

158.        Callaham's right to equal protection of the laws under the Fourteenth Amendment was clearly established such that any reasonable person would be aware of it. It was not reasonable for

Defendants to believe that their actions and omissions did not violate Callaham's right to equal protection of the laws under the Fourteenth Amendment.

159.     As a direct result of Defendants' violation of Callaham's constitutional rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

160.     Defendants acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights.

### COUNT XIII

**Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 *et seq.***
**"Class of One" Selective Enforcement/Prosecution – All Defendants**

161.     Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

162.     Defendants at all times acted under color of state law, and were acting within the scope of their/its responsibilities.

163.     Defendants, in their individual and official capacities, acting alone and in concert, engaged in conduct that deprived Callaham of his right to equal protection of the laws under the New Jersey Constitution.

164.     Persons similarly situated and alike in all relevant aspects to Callaham were not prosecuted or charged.

165.     The decision to charge and prosecute Callaham was made on the basis of an unjustifiable standard and arbitrary factors.

166.     Defendants intentionally treated Callaham differently from others similarly situated and alike in all relevant aspects.

167.     There is no rational basis for the difference in Defendants' treatment of Callaham and their treatment of others.

168.     Defendants' selective treatment of Callaham was motivated by an intent to discriminate on the basis of impermissible considerations, to punish or inhibit the exercise of Callaham's constitutional rights, and by a malicious or bad faith intent to injure Callaham.

169.     Callaham's right to equal protection of the laws under the New Jersey Constitution was clearly established such that any reasonable person would be aware of it. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's right to equal protection of the laws under the New Jersey Constitution.

170.     As a direct result of Defendants' violation of Callaham's rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under N.J.S.A. § 10:6-2.

171.     Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

## COUNT XIV

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Conspiracy – All Defendants

172.     Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

173.     Defendants at all times acted under color of state law.

174.     All Defendants, (in their individual and official capacities) and the PCPO, conspired and agreed to engage in conduct that deprived Callaham of his rights under the Fourth, Fifth,

Sixth, and Fourteenth Amendments. Defendants each engaged in a series of actions and omissions in furtherance of this conspiracy and agreement.

175.       Callaham's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

176.       As a direct result of All Defendants, and the PCPO's violation of Callaham's constitutional rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

177.       Defendants acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights.

## COUNT XV

**Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 *et seq.* Conspiracy – All Defendants**

178.       Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

179.       All Defendants, and the PCPO at all times acted under color of state law, and were acting within the scope of their/its responsibilities.

180.       Defendants (in their individual and official capacities), and the PCPO,

conspired and agreed to engage in conduct that deprived Callaham of his rights under the New Jersey Constitution. Defendants each engaged in a series of actions and omissions in furtherance of this conspiracy and agreement.

181.       Callaham's rights under the New Jersey Constitution were clearly established such that any reasonable person would be aware of them. It was not reasonable for

Defendants to believe that their actions and omissions did not violate Callaham's rights under the New Jersey Constitution.

182.        As a direct result of Defendants' violation of Callaham's rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under N.J.S.A. § 10:6-2.

183.        Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

## COUNT XVI

### Common Law Conspiracy – All Defendants

184.        Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

185.        Defendants and the PCPO at all times acted under color of state law.

186.        Defendants (in their individual and official capacities) and the PCPO, conspired and agreed to engage in conduct that injured Callaham. Defendants each engaged in a series of wrongful actions and omissions in furtherance of this conspiracy and agreement.

187.        Callaham's rights under New Jersey common law were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's rights under New Jersey common law.

188.        As a direct result of Defendants' violation of Callaham's rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under New Jersey common law.

189.        Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

## COUNT XVII

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

### Municipal Liability - Defendants Passaic County Probation Agency employees and directors , Passaic County Judiciary of New Jersey, County of Passaic, and PCPO, and the Passaic County Prosecutor's Office

190.         Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

191.         Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, PCPO, and the Passaic County Prosecutor's Office at all times acted under color of state law.

192.         The Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO engaged in conduct that deprived Callaham of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

193.    The County of Passaic, Passaic County Probation Office (PCPO) had a duty to supervise and train them.

194.         The County of Passaic , and had a duty to supervise and train them.

195.         At all relevant times, the Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO, were aware of but deliberately indifferent to the fact that violations of rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments are highly predictable consequences of the inadequate supervision,.

196.         Callaham's constitutional rights were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's constitutional rights.

197.         As a direct result of Defendants' violation of Callaham's constitutional rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief under 42 U.S.C. § 1983.

198.　　　　　Defendants acted maliciously, willfully, and wantonly in violating Callaham's federally protected rights.

## COUNT XVIII

**Violation of Civil Rights Pursuant to N.J.S.A. § 6:10-1 *et seq.***
**Municipal Liability - Defendants Passaic County Probation Agency employees and directors , Passaic County Judiciary of New Jersey, County of Passaic, and PCPO**

199.　　　　　Callaham hereby incorporates all of the preceding allegations and makes them a part of this Count as if fully set forth herein.

200.　　　　　Defendants at all times acted under color of state law.

201.Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO, engaged in conduct that deprived Callaham of his rights under the New Jersey Constitution.

202.　　　　　Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO,, and had a duty to supervise and train them.

203.　　　　　Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO, officially permitting the PCPO, and specifically, to have and abuse powers which should have been guarded by the City of Hackensack.

204.　　　　　The conduct of Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO, to selectively enforce the law and prosecute individuals for personal or political reasons and in violation of the law.

205.　　　　　The actions and omissions of Passaic County Probation Agency employees and directors , Passaic County Sheriff Office, County of Passaic, and PCPO, standard operating procedures.

206.        The Conduct of Passaic County Probation Agency employees and directors ,
Passaic County Sheriff Office, County of Passaic, and PCPO, was the result of inadequate
supervision. At all relevant times, the City of Hackensack, HPD, and County of Passaic were
aware of but deliberately indifferent to the fact that violations of rights under the New Jersey
Constitution are highly predictable consequences of the inadequate supervision.

207.        Callaham's rights under the New Jersey Constitution were clearly established
such that any reasonable person would be aware of them. It was not reasonable for
Defendants to believe that their actions and omissions did not violate Callaham's rights under
the New Jersey Constitution.

208.        As a direct result of Defendants' violation of Callaham's constitutional rights,
Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional
distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is
entitled to relief under N.J.S.A. § 10:6-2.

209.        Defendants acted maliciously, willfully, and wantonly in violating Callaham's
rights.

## COUNT XIV

### Common Law Aiding and Abetting – ALL Defendants

210.        Callaham hereby incorporates all of the preceding allegations and makes them a
part of this Count as if fully set forth herein.

211.        Defendants deprived Callaham of his rights guaranteed by New Jersey common law,
the United States Constitution, 42 U.S.C. § 1983, the New Jersey Constitution, and N.J.S.A. §
10:6-1

*et seq.*

212.        Defendants aided others whom performed wrongful acts that caused violations of
Callaham's rights.

213.  Defendants were at all times aware of their roles as part of overall illegal and tortious activity.

214.  Defendants knowingly and substantially assisted the principal violations.

215.  Callaham's common law and constitutional rights were clearly established such that any reasonable person would be aware of them. It was not reasonable for Defendants to believe that their actions and omissions did not violate Callaham's common law and constitutional rights.

216.  As a direct result of Defendants' violation of Callaham's rights, Callaham suffered loss of liberty, damage to his reputation, mental anguish, emotional distress, embarrassment, humiliation and financial loss; all in extraordinary amounts, and is entitled to relief New Jersey common law.

217.  Defendants acted maliciously, willfully, and wantonly in violating Callaham's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Callaham demands judgment against Defendants as follows:

(a)  Awarding Callaham compensatory damages for loss of liberty, damage to his reputation (beginning from the above described investigation through the time of his arrest, indictment, through to today, and continuing into the future), mental anguish, emotional distress, physical injury, embarrassment, humiliation and financial loss in an amount to be deemed appropriate by a jury.

(b)  Awarding Callaham punitive damages, to the extent permitted by law, sufficient not only to punish Defendants for their egregious unconstitutional conduct but also to deter them from engaging in future acts of unconstitutional behavior against other citizens.

(c)  Awarding Callaham attorney's fees already incurred as a result of Defendants' unlawful conduct and any reasonable attorney's fees and costs incurred pursuant to 42 U.S.C. §

1988, and to the fullest extent permissible under the laws of the State of New Jersey, and the New Jersey Constitution.

      (d)      Awarding Callaham pre-judgment and post-judgment interest.

      (e)      Awarding Callaham all other relief that he may be entitled to under the law and all other relief that the Court deems just and proper.

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 MAY -5 P 12: 00

**JURY TRIAL DEMANDED**

Callaham demands a trial by jury on all issues so triable.

Dated: May 4, 2023

**EDWARD CALLAHAM**

By:    *Edward Callaham*
       PRO SE Litigant