<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD CALLAHAM,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY, PASSAIC COUNTY JUDICIARY OF NJ, PASSAIC COUNTY PROBATION, CHILD SUPPORT TITLE - IV-D AGENCY, TIESHA WILLIAMS, MICHAEL DESIMON, DAVID ORR, LATOYIA JENKINS, ROBERT TRACY, GLENN GRANT, LARRY ASHBRIDGE, NANCY MANUELE, JOHN DOE 1-26,<br><br>    Defendants. | Civil Action No. 23-2517 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>June 14, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Edward Callaham's ("Plaintiff") Complaint and accompanying application to proceed *in forma pauperis* (D.E. 1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because he (1) has had no income during the past year and is currently unemployed; (2) has over $2,000 per month in expenses; and (3) has no assets and has less than two dollars in his checking account.  (D.E. 1-1 at 1–5, 7–11.)  *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6).  *See Shorter*, 12 F.4th at 371; *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020).  *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.") However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted); *see Erickson*, 551 U.S. at 93–94; *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  The factual allegations in a complaint are generally accepted as true, but legal conclusions are not.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.  Determining whether the allegations in

2

a complaint state a "plausible" claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; and

**WHEREAS** Plaintiff's Complaint alleges that individuals employed by the Passaic County Probation Office Child Support Title IV-D agency, judicial officers, and others violated his civil rights in violation of state and federal law.  (D.E. 1 ¶ 1).[1]  Specifically, he asserts that Defendants (1) deprived him of his right to a fair trial under the Sixth Amendment (Count I), as well as the New Jersey Constitution and the New Jersey Civil Rights Act ("NJCRA") (Count II); (2) conspired to maliciously prosecute him in violation of his Fourth and Fourteenth Amendment rights (Counts III and VI), the NJCRA (Counts IV and VII), and New Jersey common law (Count V); (3) deprived him of substantive due process in violation of the Fifth and Fourteenth Amendments (Count X), the NJCRA, and the New Jersey Constitution (Count XI); (4) deprived him of his right to equal protection in violation of the Fourteenth Amendment (Count XII) and the New Jersey Constitution (Count XIV); (5) failed to supervise and train others, and failed to intervene in the foregoing deprivations of his constitutional rights (Counts VIII, IX, XVII, and XVIII); and (6) conspired to commit, and aided and abetted others in committing, the foregoing violations of his rights  (Counts XIV, XV, XVI, XIX).  (D.E. 1 ¶¶ 56–217.); and

**WHEREAS** Plaintiff alleges the following facts in his Complaint and IFP application. (*See* D.E. 1; D.E. 1-1 at 5.)  In approximately 2010, Plaintiff and his ex-wife divorced.  At their divorce trial in Passaic County, Plaintiff's ex-wife submitted a forged tax return to claim that

---

[1] Defendants are Passaic County, the Passaic County Judiciary, the Passaic County Probation Office responsible for child support enforcement, eight named individuals, and a number of John Doe individuals.  (D.E. 1 at 2, 4–5.) However, Plaintiff does not allege any specific unlawful actions taken by most of these parties.

3

Plaintiff made more money than he actually made.   Default judgment was entered against Plaintiff on a day of trial that he was unable to attend, Plaintiff's motion for reconsideration of that judgment was denied, and Plaintiff was not allowed to submit evidence to counter this forged tax return.   Currently, Plaintiff has no income and has medical documentation stating that he is "permanently disabled," and he believes his ability to pay child support should be set to zero based on this disability.   Specifically, he has been diagnosed with post-traumatic stress disorder ("PTSD") and attention deficit hyperactivity disorder ("ADHD").   He is awaiting Social Security benefits, but he has documentation from the Social Security Administration and medical doctors stating that he is "permanently disabled."   Similarly situated individuals, *i.e.*, others who are permanently disabled, are not subject to enforcement proceedings for failure to pay child support, and they are considered unable to pay child support.   However, Defendants have refused to accept and credit Plaintiff's medical documentation as evidence that he is unable to pay child support, and they have taken various enforcement actions against him, including the following: conducting hearings to enforce a litigant's rights, garnishing Plaintiff's wages, ordering him to pay lump sums, and incarcerating Plaintiff for six months from 2012 to 2013.   Defendants threatened further incarceration based on fabricated evidence, and initiated criminal proceedings against Plaintiff, without probable cause and knowing that he was disabled, and those criminal proceedings ended in Plaintiff's favor.

**WHEREAS** to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) he was deprived of "rights, privileges, or immunities" afforded him under the federal constitution or other federal law, and (2) "the conduct complained of was committed by a person acting under color of state law." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011);

4

*see* 42 U.S.C. § 1983.  This Court construes Plaintiff's claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments as (1) a Fourth Amendment claim for malicious prosecution, (2) a Fourteenth Amendment due process claim concerning fabrication of evidence, and (3) a Fourteenth Amendment equal protection claim;[2] and

 **WHEREAS** to state a claim for malicious prosecution under the Fourth Amendment, a plaintiff must allege facts showing that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007); and

 **WHEREAS** the Fourteenth Amendment's due process clause protects against conviction by fabricated evidence, even in cases where there was probable cause.  *Halsey v. Pfeiffer*, 750 F.3d 273, 292–93 (3d Cir. 2014) (holding that a fabrication claim may stand alone because "no sensible concept of ordered liberty is consistent with law enforcement cooking up its own

---

[2] "The Fourth Amendment forbids a state from detaining an individual unless the state actor reasonably believes that the individual has committed a crime—that is, the Fourth Amendment forbids a detention without probable cause." *Halsey v. Pfeiffer*, 750 F.3d 273, 291 (3d Cir. 2014).  This Fourth Amendment "protection against unlawful seizures extends only until trial," but the Fourteenth Amendment's due process clause has a broader temporal scope, "protect[ing] defendants during an entire criminal proceeding through and after trial."  *Id*.  Plaintiff's Sixth Amendment claims do not appear to concern rights protected by that Amendment; rather, they concern the fabrication of evidence, which is a due process claim.  *Id*. at 292–93; *see* U.S. Const. Amend. VI.  (D.E. 1 ¶¶ 56–62.)  This Court construes Plaintiff's substantive due process claim in Count X as a procedural due process claim because Plaintiff challenges the procedures that led to deprivations of his liberty and property (i.e., his incarceration and garnished wages), but he does not allege the sort of government action that would be impermissible "regardless of the fairness of the procedures used to implement them."  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *see United States v. Salerno*, 481 U.S. 739, 746 (1987) (distinguishing substantive and procedural protections of the Due Process Clause).

evidence.").[3]  To state a claim that this right was violated, a plaintiff must allege facts showing that (1) he was convicted at a trial at which the prosecution used fabricated evidence, (2) "there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey*, 750 F.3d at 294; and

**WHEREAS**, to state a Fourteenth Amendment equal protection claim as a class of one, a plaintiff must allege facts showing that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 602 (2008).  Similarly, to state an equal protection claim based on selective enforcement, a plaintiff must allege facts showing that he was treated differently from others who are "similarly situated" and that this selective treatment was motivated by a "discriminatory purpose." *Jewish Home of E. PA v. Centers for Medicare & Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2012); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Amended Complaint are insufficient to state a § 1983 claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated his constitutional rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").[4]

---

[3] A defendant who was acquitted, and not ultimately convicted, may also bring a fabrication-of-evidence claim under the Fourteenth Amendment.  *See Black v. Montgomery Cnty.*, 835 F.3d 358, 368–71 (3d Cir. 2016).

[4] Plaintiff's complaint is deficient in other respects as well.  Plaintiff's allegations are anything but "simple, concise, and direct," as required by Rule 8(d)(1).  Plaintiff also fails to clearly allege which defendants were responsible for which alleged wrongs, as required to give them fair notice of what his claims are.  *See Bell Atl. Corp.*, 550 U.S. at 555; *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible.")  Plaintiff's complaint is an unacceptable "shotgun pleading," in that

Although Plaintiff's complaint is loaded with legal conclusions, those are useless without facts to support them.  *See Iqbal*, 556 U.S. at 678.  Plaintiff's allegations that Defendants initiated a criminal proceeding against him without probable cause and based on fabricated evidence, that terminated in his favor, are vague and conclusory.  Plaintiff does not describe when or where such criminal proceeding took place, what he was charged with, which specific Defendants were involved in charging him or fabricating evidence, what evidence was presented, or whether he was convicted or acquitted.  As for equal protection, Plaintiff fails to show comparators that are similarly situated to him.  He states that other "similarly situated" people "who are permanent[ly] disabled" were found unable to pay child support and not subject to enforcement proceedings. (D.E. 1 ¶ 4, 6.)  However, "disabled" is a broad term and Plaintiff does not allege that these other individuals had similar conditions or presented similar evidence of their disability to the family court, or any other facts suggesting that he was treated differently from others who were similarly situated; and

**WHEREAS**, given that Plaintiff does not sufficiently allege a violation of his constitutional rights, he necessarily fails to state a § 1983 claim and this Court need not address at this time whether the responsible actors acted "under color of state law."  *Schneyder*, 653 F.3d at 319; and

**WHEREAS**, given that Plaintiff has failed to state a claim arising under federal law and does not allege diversity jurisdiction (D.E. 1 at 1–6), this Court will not exercise supplemental jurisdiction over Plaintiff's state law claims at this time.  *See* 28 U.S.C. §§ 1331, 1367(a); and

---

it alleges many "conclusory, vague, and immaterial facts," and asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988).

**WHEREAS** Plaintiff brings claims against at least one judicial officer, Judge Latoyia Jenkins, and judges generally cannot be sued. *See Azubuko v. Royal,* 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of [her] duties has absolute immunity from suit and will not be liable for [her] judicial acts."). A judge may only be sued for actions taken in her capacity as a judge when she has acted "in the clear absence of all jurisdiction," and Plaintiff does not allege any facts suggesting that Judge Jenkins or any of the other judicial officers did so here. *Id.* (quotation marks omitted);[5] therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), except that Plaintiff's claims against judges and judicial officers are **DISMISSED WITH PREJUDICE**.[6] Plaintiff shall have thirty (30) days to file an amended Complaint. Failure to timely file an amended complaint will result in the dismissal of this matter with prejudice. An appropriate order follows.


                              /s/ Susan D. Wigenton
                    **SUSAN D. WIGENTON, U.S.D.J.**

---

[5] Plaintiff is also warned that this Court must generally dismiss claims that involve ongoing civil enforcement proceedings in state court that are "quasi-criminal in nature," pursuant to the *Younger* abstention doctrine. *See PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 882–83 (3d Cir. 2020) (discussing standard for *Younger* abstention); *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (dismissing due process claims stemming from child custody dispute on *Younger* abstention grounds).

[6] The accompanying order dismisses only those claims against Judge Latoyia Jenkins at this time because Plaintiff describes her role and allegedly unlawful conduct with sufficient clarity, which he fails to do with regard to other defendants. However, it appears likely that Plaintiff's claims against other defendants are similarly barred by judicial immunity or quasi-judicial immunity. *See Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (affirming the dismissal of claims against judges and probation officers on immunity grounds); *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Moreover, for Plaintiff's claims against any individual to survive dismissal, he must allege facts showing their "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho*, 423 F.3d at 353 (quotation marks omitted).

Orig:   Clerk
cc:      Jessica S. Allen, U.S.M.J.
          Parties